UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CARRIE WISNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:17-cv-59 |
| ) | |
| UNUM LIFE INSURANCE COMPANY OF ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND REQUEST FOR A JURY TRIAL

COMES NOW, the Plaintiff, Carrie Wisner, by and through the undersigned counsel, Bridget O'Ryan, to file this Complaint against Unum Life Insurance Company of America ("Unum") and as cause therefore states as follows:

1. The Plaintiff, Carrie Wisner, has at all times material hereto been a citizen of the State of Indiana.

2. Unum Life Insurance Company of America is a Maine insurance company selling disability policies in the State of Indiana.

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff, an Indiana resident, and Defendant whose principal place of business is in Portland, Maine. In addition, the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Carrie Wisner is insured under a disability income policy issued by Unum.

5. Pursuant to the disability policy, Unum promises to pay monthly disability benefit payments to Ms. Wisner in the event Ms. Wisner is unable to work due to injury or sickness.

1

6. Until her date of disability, Ms. Wisner had been employed as a Radiology Manager with Pulaski Memorial Hospital.

7. Ms. Wisner became disabled in August 2014 due to the disabling effects and symptoms of, among other things, radiculopathy, severe pain and loss of motion in her left shoulder resulting in the inability to use her left arm, carpal tunnel syndrome, complex regional pain syndrome, lack of concentration and diminished memory capacity due to chronic throbbing and burning pain in her left shoulder.

8. Ms. Wisner submitted a claim for long term disability benefits to Unum when she first became disabled.

9. Unum approved Ms. Wisner's claim for long term disability benefits beginning March 10, 2015 and paid benefits under the policy through March 22, 2017, when Unum terminated her benefits. Unum wrongfully terminated the claim without any reasonable basis for the termination.

10. Ms. Wisner is disabled and has provided Unum with medical records and physician reports that establish that she meets the requirements of the disability policy.

11. Ms. Wisner's physicians have advised Unum that Ms. Wisner is unable to work due to her disabling conditions.  Dr. Curtis reported that Ms. Wisner is unable to use her left arm due to very limited range of motion, cannot perform sedentary work and her disability is not going to improve over time.  Dr. Ronback reported that given her experience with Ms. Wisner, and the diagnosis, Ms. Wisner is unable to work.  Dr. Brady reported that Ms. Wisner is unable to function in full time sedentary occupation.

12. Despite receiving this information from Ms. Wisner's physicians, in addition to extensive medical records supporting the claim, Unum refuses to reinstate the disability benefits as required by the policy.

13. Ms. Wisner has complied with all of the applicable provisions of the disability policy.

14. Unum has breached the provisions of the disability policy by refusing to pay Ms. Wisner her monthly disability benefits despite clear proof that she remains unable to return to work.

15. Ms. Wisner has suffered emotional distress, financial losses and other losses due to Unum's refusal to reinstate her disability benefits.

16. In addition, Unum also wrongfully terminated her life waiver of premium benefit resulting in the loss of substantial life insurance coverage.

17. Unum's actions have violated Indiana's covenant of good faith and fair dealing in several ways, including but not limited to:

   a.) Knowingly and intentionally terminating Ms. Wisner's benefits after two years of paying the claim without any reasonable basis for the termination.

   b.) Compelling Ms. Wisner to initiate this litigation to recover the amount due her under the terms of her policies.

   c.) Willfully ignoring the statements of Ms. Wisner's treating physicians who report that Ms. Wisner has not improved over the past two years and that Ms. Wisner remains unable to work.

WHEREFORE, the Plaintiff, Carrie Wisner, requests that this Honorable Court enter judgment against Unum in an amount that will compensate Ms. Wisner for any unpaid disability benefits, interest, future benefits, reinstatement of the life waiver of premium benefit, damages for Unum's violation of the covenant of good faith and fair dealing and attorney's fees.

Respectfully Submitted,

/s/Bridget O'Ryan
Bridget O'Ryan
Attorney for Carrie Wisner
1901 Broad Ripple Avenue
Indianapolis, Indiana 46220

(317) 255-1000
boryan@oryanlawfirm.com

**DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Carrie Wisner, by and through the undersigned counsel and demands that the above Complaint and all issues herein be tried by jury.

/s/Bridget O'Ryan_____
Bridget O'Ryan